

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671              FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:

03-0773
<u>CERTIFIED MAIL</u>

**1 9** SEP 2005

Jon Neustadter, Esq.                    Mike Shaver
Hooper, Lundy and Bookman               Provider Reimbursement
Watt Plaza, Suite 1600                  Riverbend Government Benefits Administrator
1875 Century Park East                  730 Pine Street
Los Angeles, CA 90067-2799              Chattanooga, TN 37402-1790

RE: Southern Tennessee Medical Center
Provider No. 44-0058
FYE 12/31/99
PRRB Case No. 03-0773

Dear Messrs. Neustadter and Shaver:

The Provider Reimbursement Review Board (Board) has reviewed the parties comments regarding the Board's notice that it was considering issuing a determination on its own motion that expedited judicial review was appropriate for the question of whether § 1115 waiver days should be included in the calculation of the disproportionate share (DSH) adjustment for the cost reporting period under appeal. The Provider does not object to the Board's proposed finding. The Intermediary believes that the EJR would be appropriate. The final decision of the Board is set forth below.

<u>Background</u>

This appeal was filed on March 21, 2003, from a Notice of Program Reimbursement dated September 30, 2002. Initially, the appeal included a number of issues, but when the Provider's final position papers were filed the only issue that remained was the question of whether the DHS calculation should include all inpatients days attributable to all Medicaid eligible patients including those made eligible through the Tennessee Medicaid § 1115 waiver. The Provider states that it claimed § 1115 waiver days on its cost report and those days were disallowed through audit adjust number 3.

<u>§ 1115 Expansion Waivers</u>

Some states furnish medical assistance under a demonstration project known as a § 1115 waiver. In some of these § 1115 waivers, a given population that otherwise could have been made eligible for Medicaid under 42 U.S.C. § 1396a(r)(2) and 1396u-1(b) is made eligible in a state plan amendment. These populations are referred to as hypothetical eligibles and are specific, finite populations. The patient days for this population are used

Provider Reimbursem. . Review Board
Page 2 Jon Neustadter/Mike Shaver

CN03-0773

in the DHS calculation. In addition, § 1115 waivers may provide medical assistance eligibility for populations not otherwise covered by Medicaid; these populations are known as expanded eligibility populations. Initially, expanded eligibility groups were not to be included in the Medicare DSH calculation. 65 Fed. Reg. 3136 (January 20, 2000).

The Secretary revised this policy through the publication of an interim rule in the January 20, 2000 Federal Register.[1] As a result, effective for discharges occurring on or after January 20, 2000, hospitals were to include the patient days of all populations eligible for Title XIX matching payments in a state's § 1115 waiver in calculating the DSH adjustment. Id. at 3136-3137.

The Board notes that the cost reporting period at issue here is the fiscal year ended December 31, 1999, a cost reporting period that precedes the implementation of the Secretary's revised policy. To grant the relief sought, the Board would be required to retroactively implement the change in policy. The Board has not been granted the authority to retroactively apply the Secretary's policy with regard to § 1115 waiver days. Accordingly, the Board, on its own motion finds that the issue properly falls within the provisions of 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842(f) and the Provider is entitled to expedited judicial review. The Provider has 60 days from the date of this decision to institute an action for judicial review. See, 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842(f). Since there are no other matters for the Board to consider the case is hereby closed.

Board Members Participating

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine Crews Powell, CPA

FOR THE BOARD:

*Elaine Crews Powell*

for  Suzanne Cochran, Esq.
      Chairman

Enclosure: 42 U.S.C. § 1395oo(f)(1)

cc: Wilson Leong, BCBSA

---

[1] Id., The final rule was published at 65 Fed. Reg. 47054 (August 1, 2000).

42 § 1395oo                                         SOCIAL SECURITY   Ch. 7

**(f) Finality of decision; judicial review; determinations of Board authority; jurisdiction; venue; interest on amount in controversy**

(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) of this section and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing. Such action shall be brought in the district court of the United States for the judicial district in which the provider is located (or, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia and shall be·tried pursuant to the applicable provisions under chapter 7 of Title 5 notwithstanding any other provisions in section 405 of this title. Any appeal to the Board or action for judicial review by providers which are under common ownership or control or which have obtained a hearing under subsection (b) of this section must be brought by such providers as a group with respect to any matter involving an issue common to such providers.

(2) Where a provider seeks judicial review pursuant to paragraph (1), the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180-day period as determined pursuant to subsection (a)(3) of this section and equal to the rate of return on equity capital established by regulation pursuant to section 1395x(v)(1)(B) of this title and in effect at the time the civil action authorized under paragraph (1) is commenced, to be awarded by the reviewing court in favor of the prevailing party.

(3) No interest awarded pursuant to paragraph (2) shall be deemed income or cost for the purposes of determining reimbursement due providers under this chapter.