UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LIFEPOINT HOSPITALS, INC. )<br>)<br>         Plaintiff,       )<br>)<br>    v.                         )<br>)<br>MICHAEL O. LEAVITT,    )<br>Secretary of the Department of )<br>Health and Human Services )<br>         Defendant.   )<br>)  | Civil Action No. 1:05-cv-2224-RMC |

**ANSWER**

Defendant Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers the plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Using the same numbering as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:

1-3.   These paragraphs contain plaintiff's allegations of jurisdiction and venue, to which no response is required.

4.   Admits the first sentence and denies knowledge or information sufficient to admit or deny the allegations of the second sentence.

5.   Admits.

6.	This paragraph contains plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

7.	Admits the existence of the cited statutory and regulatory provisions and federal register pages, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

8.	Admits the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

9.	Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

10.	Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

11.	Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

12. Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

13. Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

14. Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

15. Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

16. Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

17. Admits the existence of the cited Federal Register pages, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains

conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

18. As to the first three sentences of this paragraph, admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies, and avers that the legislative history of the DSH adjustment indicates the provision is intended to appropriately compensate hospitals for treatment of Medicare patients.

19. Admits the existence of the cited statutory provisions, as amended, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

20. Admits the existence of the cited Federal Register pages, regulatory provision and policy statement, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

21. Admits the existence of the cited Federal Register page, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

22-23. Denies except to admit the existence of the cited document, to which the Court is referred for a full and accurate statement of its contents. These paragraphs otherwise contain

conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

24. Admits the existence of the cited regulatory provision and federal register pages, to which the Court is referred for a full and accurate statement of their contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

25. Admits the existence of the cited Federal Register publication, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

26. Admits the first sentence. The second sentence contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies. Denies the third sentence and avers that the described expansion populations are not now and never were eligible for Medicaid.

27. Denies the first sentence, and avers that the described expansion populations are not and never were eligible for Medicaid. As to the second sentence, denies except to admit the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. The second sentence of this paragraph otherwise contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

28. Admits the existence of the cited letter, to which the Court is referred for a full and accurate statement of its contents. This paragraph otherwise contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denies.

29. Admits the first sentence. Denies the second sentence and avers that the described expansion populations are not and never were eligible for Medicaid.

30. Admits the first two sentences. Denies the third sentence.

31-32. Admits.

33. Admits the first sentence and denies the second sentence.

34. Admits the first sentence. The Secretary denies knowledge or information sufficient to admit or deny the second sentence of this paragraph. Admits the third, parenthetical sentence. The fourth sentence of this paragraph contains a conclusion of law, not an allegation of fact, to which no response is required; to the response is deemed necessary, denies.

35. Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. As to the balance of this paragraph, the Secretary denies knowledge or information sufficient to admit or deny.

36. This paragraph, including all sub-paragraphs, contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is deemed necessary, denies.

The Secretary specifically denies all allegations in plaintiff's Complaint not otherwise answered herein. In addition, the Secretary denies that plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

WHEREFORE, the Secretary requests that this action be dismissed with prejudice and that the Secretary be granted his costs and such other and further relief as the Court finds appropriate.

| | |
|---|---|
| Date:   February 17, 2006 | Respectfully submitted, |
| OF COUNSEL: | PETER D. KEISLER<br>Assistant Attorney General |
| PAULA M. STANNARD<br>Acting General Counsel | KENNETH L. WAINSTEIN<br>U.S. Attorney for the District of Columbia |
| KATHLEEN H. McGUAN<br>Associate General Counsel | SHEILA M. LIEBER<br>Deputy Director, Federal Programs Branch |
| MARK D. POLSTON<br>Deputy Associate General Counsel | /s/ Steven Y. Bressler<br>STEVEN Y. BRESSLER D.C. Bar No. 482492 |
| DAVID L. HOSKINS<br>Attorney<br>Department of Health and<br>Human Services | Trial Attorney, Federal Programs Branch<br>U.S. Department of Justice, Civil Division<br>P.O. Box 883<br>Washington, D.C. 20044<br>(202) 514-4781<br>Steven.Bressler@usdoj.gov |
| | Counsel for the Secretary |