**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LIFEPOINT HOSPITALS, INC. dba SOUTHERN
TENNESSEE MEDICAL CENTER,

       Plaintiff,

   v.

MICHAEL O. LEAVITT, Secretary of the       CASE NO. 1:05-CV-02224 (RMC)
Department of Health and Human Services,

       Defendant.

**PLAINTIFF'S NOTICE OF MOTION
AND MOTION TO STAY THE PROCEEDINGS**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff LifePoint Hospitals, Inc. d/b/a/ Southern

Tennessee Medical Center ("Plaintiff") moves this Court for an order staying the above-

captioned action pending a final, non-appealable determination in the case of *Cookeville*

*Regional Medical Center, et al. v. Leavitt,* Case No. 04-1053-JR ("*Cookeville*"), which also

currently is before this Court, or, in the alternative, until the *Cookeville* case is otherwise

dismissed.

This Motion is brought pursuant to this Court's equitable powers and discretion.  This

Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and

Exhibits attached thereto, all files, records and evidence on file in this case, and upon any such

matter as may be presented at any hearing on this Motion.

Pursuant to LCvR 7(m) of the Local Rules, Plaintiff has conferred with the Defendant

regarding the substance of this Motion and is informed that the Defendant does not oppose this

Motion.

DATED: May 11, 2006                    Respectfully submitted,

                                       AKIN GUMP STRAUSS HAUER & FELD LLP


                                       /s/  John R. Jacob                            _
                                       John R. Jacob
                                       D.C. Bar No. 444412
                                       Robert S. Strauss Building
                                       1333 New Hampshire Avenue, NW
                                       Washington, DC 20036
                                       Tel:  202-887-4582
                                       Fax: 202-955-7648

Of Counsel

Jon P. Neustadter
Jordan B. Keville
HOOPER, LUNDY & BOOKMAN, INC.
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Tel: 310-551-8151
Fax: 310-551-8181

Attorneys for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIFEPOINT HOSPITALS, INC. dba SOUTHERN
TENNESSEE MEDICAL CENTER,

      Plaintiff,

  v.

MICHAEL O. LEAVITT, Secretary of the     CASE NO. 1:05-CV-02224 (RMC)
Department of Health and Human Services,

      Defendant.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS

      LifePoint Hospitals, Inc. d/b/a Southern Tennessee Medical Center, the Plaintiff in the

above-captioned action, respectfully submits this Motion to Stay the Proceedings pending a final,

non-appealable decision in the case of *Cookeville Regional Medical Center, et al. v. Leavitt*,

United States District Court for the District of Columbia ("DDC") Case No. 04-1053

("*Cookeville*") or, in the alternative, until *Cookeville* is otherwise dismissed.  As explained in

detail below, *Cookeville* involves the same primary legal issue as the present case, such that a

final, non-appealable determination on the merits in *Cookeville* may be dispositive in the present

case and therefore will impact the necessity of litigation in this Court.

I.     **PRELIMINARY STATEMENT AND BACKGROUND**

      The Plaintiff filed this action in the United States District Court for the District of

Columbia on November 16, 2005.  The case involves the Plaintiff's challenge to a determination

by the Defendant, the Secretary for the United States Department of Health and Human Services

("Secretary"), regarding the Plaintiff's entitlement to additional Medicare reimbursement as a

hospital that services a disproportionate number of low-income patients, commonly known as a

"DSH" hospital.  In particular, the Plaintiff's Complaint alleges that the Secretary erred in

applying a policy that, for the purposes of determining a Medicare provider's entitlement for additional DSH payments, requires the exclusion of hospital days attributable to patients eligible for assistance under Title XIX of the Social Security Act (Medicaid) if the patients received Medicaid benefits through a program known as a "section 1115 waiver" program.  On February 17, 2006, the Secretary filed his Answer to the Plaintiff's Complaint.  To date, no additional proceedings related to the substance of the case have taken place.

At the time the Plaintiff filed its Complaint in this action, another case was pending in the United States District Court for the District of Columbia involving the same substantive issue in the present case.  *Cookeville*, *supra*, involves a challenge by a group of Tennessee hospitals to the Secretary's policy of excluding section 1115 waiver days from the Medicare DSH payment calculation.  On October 28, 2005, the Honorable Judge James Robertson issued an order granting summary judgment in favor of the plaintiff hospitals in *Cookeville*.  Final judgment was entered against the Secretary on February 2, 2006.

On February 13, 2006, the Secretary filed a motion to amend the judgment in *Cookeville* in light of recent legislative enactments impacting Medicare DSH payments.  The briefing on the Secretary's motion to amend the judgment in *Cookeville* has yet to be completed.

Prior to filing his motion to amend the judgment, the Secretary also filed a notice appealing the judgment in *Cookeville*.  On March 9, 2006, the United State Court of Appeals for the District of Columbia Circuit issued an order holding the appeal in *Cookeville* in abeyance pending a further order of the Court.

The Plaintiff's action in this case likely will be significantly impacted by a final, non-appealable order on the merits in the *Cookeville* case.  Therefore, Plaintiff respectfully requests that this Court stay the present action until a final, non-appealable judgment is issued in *Cookeville* or until the *Cookeville* case is otherwise dismissed.

2

## II.    **ARGUMENT**

This Court has the discretion to stay the proceedings in this case pending the outcome of the *Cookeville* case.  "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *See IBT/Here Employee Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  It is an appropriate use of such discretion to stay an action when the resolution of another case will bear upon the action.  *See id.*  Given the connection between the present case and *Cookeville*, it would be a sound use of the Court's discretion to stay this case pending the resolution of *Cookeville.*

### A.    **Judicial Economies Necessitate A Stay in This Action**

The outcome of the *Cookeville* case may impact the future scope and necessity of litigation in the present case.  A final, non-appealable order in *Cookeville* likely will resolve the issue of whether it is proper for the Secretary to exclude section 1115 waiver patient days from the Medicare DSH calculation.  Such a determination would foreclose the need for the parties in this case to litigate the same issue.  If the *Cookeville* case is resolved without the issuance of a final, non-appealable order (e.g., dismissal in the Court of Appeals on procedural grounds) the parties in this case will submit a briefing scheduled and resume litigation (if necessary). Granting a stay in this case until the *Cookeville* case has resolved the section 1115 waiver days issue will promote judicial economy and efficiency by ensuring that this issue is not litigated in multiple forums at the same time.  *See Naegle v. Albers*, 335 F. Supp. 2d 129, 141 (D.D.C. 2005) (stating that "'litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests'") (internal citations omitted).

B.      **Defendant Does Not Oppose a Stay in this Case**

Granting a stay in this case is particularly appropriate because both parties are in

agreement that a stay is warranted in light of *Cookeville*.  On May 4, 2006, the respective counsel

for the parties in this case participated in a telephone conference pursuant to LCvR 16.3.  *See*

Declaration of John R. Jacob ¶ 2.  During this telephone conference, counsel for the Plaintiff

informed counsel for the Defendant of Plaintiff's belief that it would be appropriate to stay the

present case pending a resolution of *Cookeville*.  *See* Jacob Decl. ¶ 3.  Counsel for the Defendant

represented that Defendant would not oppose such a motion to stay filed by the Plaintiff.  *See*

Jacob Decl. ¶ 3.

III.    **CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests the Court to order a stay of all

proceedings in this case until either a final, non-appealable order is issued in the *Cookeville* case

or the *Cookeville* case is otherwise dismissed.

DATED: May 11, 2006                  Respectfully submitted,

                                     AKIN GUMP STRAUSS HAUER & FELD LLP

                                     /s/  John R. Jacob                                    _
                                     John R. Jacob
                                     D.C. Bar No. 444412
                                     Robert S. Strauss Building
                                     1333 New Hampshire Avenue, NW
                                     Washington, DC 20036
                                     Tel:  202-887-4582
Of Counsel                           Fax: 202-955-7648

Jon P. Neustadter
Jordan B. Keville
HOOPER, LUNDY & BOOKMAN, INC.
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Tel: 310-551-8151
Fax: 310-551-8181

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LIFEPOINT HOSPITALS, INC. dba SOUTHERN
TENNESSEE MEDICAL CENTER,

      Plaintiff,

  v.

MICHAEL O. LEAVITT, Secretary of the        CASE NO. 1:05-CV-02224 (RMC)
Department of Health and Human Services,

      Defendant.

**DECLARATION OF JOHN R. JACOB**

I, John R. Jacob, declare as follows:

1.      I am an attorney duly admitted to practice before this court.  I am an attorney with
the law firm of Akin Gump Strauss Hauer & Feld LLP, counsel of record for Plaintiff LifePoint
Hospitals, Inc. d/b/a Southern Tennessee Medical Center.  The facts stated herein are personally
known to me and if called as a witness I could and would competently testify thereto.

2.      On May 4, 2006, pursuant to LCvR 16.3, I participated in a telephone conference
with Steven Bressler, counsel for the Defendant, regarding this case.  Jon P. Neustadter and
Jordan B. Keville of Hooper, Lundy & Bookman, Inc., who are Of Counsel in this case for the
Plaintiff, also participated in the call.

3.      During the aforementioned telephone conference, Mr. Neustadter and I informed
counsel for the Defendant of Plaintiff's belief that it would be appropriate to stay the present case
pending a resolution in *Cookeville Regional Medical Center, et al. v. Leavitt*, Case No. 04-1053.
Mr. Bressler represented that he would not oppose such a motion to stay filed by the Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2006, at Washington, District of Columbia.

/s/  John R. Jacob

John R. Jacob